RECEIVED
IN LAKE CHARLES, LA.

SEP -4 2014

TONY R. MOORE, CLERK
BY_____
             DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20016-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ELIZABETH CHILDS | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is the defendant's Motion for Concurrent Sentencing (Rec. Doc. 79). The Government filed a Response (Rec. Doc. 80).

Procedural History

On April 4, 2005, the defendant pleaded guilty to one count of bank fraud. (Rec. Docs, 18, 19). On October 4, 2006, after a remand by the Fifth Circuit, she was sentenced to 24 months imprisonment and 60 months of supervised release. (Rec. Doc. 24).

On June 13, 2013, her supervised release was revoked, and she was sentenced to serve three years imprisonment with credit for time served. (Rec. Docs. 61, 63). Neither at sentencing nor in the judgment did this Court state whether the sentence would run concurrently to any state sentence.

On May 7, 2014, the Fifth Circuit affirmed the sentence imposed by the Court upon the revocation of supervised release. (Rec. Doc. 78).

Law

Claims attacking the execution of a sentence rather than the sentence itself should be raised in petitions for writ of *habeas corpus* under 28 U.S.C §2241. A motion for time served[1] concerns the execution of the sentence. To consider a petition pursuant to 28 U.S.C §2241, the court should have "jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Childs's immediate custodian is the warden of the facility in which she is presently incarcerated, Bryan Federal Prison Camp, Bryan, Texas. Accordingly, this court does not have jurisdiction to consider the merits of her motion for credit for time served.

Her request that her sentences run concurrently, however, may be addressed in the Western District of Louisiana if raised under 28 U.S.C. § 2255. *United States v. Fuller*, 459 F.App'x 346 (5th Cir. 2012) (defendant's request for sentences to run concurrently could have been construed as "arising under § 2255" although challenge to sentence not cognizable under § 2255).

"Relief under… § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

It is well established that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). As the judgment here is silent on this issue, it imposes a consecutive rather than concurrent sentence. *United States v. Jackson,* 470 Fed.Appx. 324, 328, 2012 WL 1521684, 2 (5th Cir. 2012). The

---

[1] A request for time served is included in the defendant's motion for concurrent sentencing.

defendant's request that her sentences run concurrently is not of such a constitutional dimension that it warrants discussion pursuant to §2255. There is no right under the U.S. Constitution to the concurrent running of state and federal sentences. *United States v. Candia,* 454 F.3d 468, 474 (5th Cir. 2006); *United States v. Dovalina,* 711 F.2d 737, 739 (5th Cir. 1983).

Furthermore, the Government argues that the concurrent or consecutive nature of a sentence is determined by the application of U.S.S.G. § 5G1.3. The application of the guidelines is an issue that is not cognizable under 28 U.S.C. § 2255. *Vaughn,* 955 F.2d at 368.

Therefore, the defendant's request that the state and federal sentences run concurrently is not cognizable, even if raised in a §2255 motion.

Accordingly, the defendant's Motion for Concurrent sentencing will be denied.

Lake Charles, Louisiana, this 22 day of August, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE