RECEIVED
IN LAKE CHARLES, LA.

DEC -9 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05CR20016-001 |
| VS. | : | JUDGE MINALDI |
| ELIZABETH CHILDS | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court is the defendant's Motion to Vacate, Set Aside or Correct Sentence. (Rec. Doc. 81). The Government answered. (Rec. Doc. 88). The defendant filed a Reply. (Rec. Doc. 89).

Facts

The presentence investigation report ("PSR") prepared at the time of the defendant's guilty plea to the indictment provides that she was printing counterfeit checks and writing worthless checks to various merchants. The loss to the merchants totaled $20,167.86 (PSR, paras. 4-6).

After she was released from incarceration, her term of supervised release began on October 27, 2006. (Rec. Doc. 75). In November of 2006, she absconded from supervision. (Rec. Doc. 75). A supervised release warrant was issued on January 7, 2007. (Rec. Doc. 65).

In June of 2012 she was arrested for charges in Illinois. (Rec. Doc. 65). On November 2, 2012, the defendant was convicted and sentenced to two years imprisonment for Obstruction of Justice in Illinois. (Rec. Doc. 76).

On May 10, 2013, she was transferred into federal custody pursuant to the supervised release

warrant issued by the Court. She made an initial appearance in the Central District of Illinois and was detained pending transfer to the Western District of Louisiana. (Rec. Doc. 54).

Once she appeared in the Western District of Louisiana, an attorney with the Federal Public Defender's Office was appointed to represent her. (Rec. Doc. 57). As mentioned above, on June 13, 2013, her supervised release was revoked, and she was sentenced to serve three years imprisonment with credit for time served. (Rec. Docs. 61, 63).

## Procedural History

On April 4, 2005, the defendant pleaded guilty to one count of bank fraud. (Rec. Docs. 18, 19). On October 4, 2006, after a remand by the Fifth Circuit, she was sentenced to 24 months imprisonment and 60 months of supervised release. (Rec. Doc. 24).

On June 13, 2013, her supervised release was revoked, and she was sentenced to serve three years imprisonment with credit for time served. (Rec. Docs. 61, 63). Neither at sentencing nor in the judgment did the Court state whether the sentence would run concurrently to any state sentence.

On May 7, 2014, the Fifth Circuit affirmed the sentence imposed by the Court upon the revocation of supervised release. (Rec. Doc. 78). On September 4, 2012, this Court denied the defendant's request that her federal and state sentence run concurrently. (Rec. Doc. 84).

## Law and Analysis

Childs raises two claims in this § 2255 proceeding. Childs argues that she was "sentenced outside the guidelines." (P. 10 of the §2255 motion). The Government argues in its Opposition that Childs has procedurally defaulted on this claim because she did not raise it in a direct appeal.

Childs's challenge to her sentence is procedurally barred from review because Childs did not

raise that challenge in a direct appeal. When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors.[1] Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that she is actually innocent.[2] Childs has not made the showing required to overcome the procedural bar. Childs filed an appeal, but did not raise this issue during the pendency of the direct appeal.[3] Childs's claim, which was not raised in direct appeal as it should have been, is procedurally barred from review in this § 2255 proceeding.

---

[1] *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir.1995) ( "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error."); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) ("A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude ... and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."), *cert. denied*, 502 U.S. 1076 (1992).

[2] *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only of the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.' "). *United States v. Watson-McKinney*, L 2583442, 2 -3 (S. D. Tex.2006).

[3] This matter was appealed two times. The conditions of supervised release were not mentioned in any of the briefs.

Childs also claims ineffective assistance of counsel. She asserts that her counsel was ineffective for failing to ask the sentencing judge for credit for the time she served in Illinois. Allegations concerning the performance of one's attorney can be considered under 28 U.S.C. §2255. See *Masaro v. United States*, 538 U.S. 500, 509 (2003) (Claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255).

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[4] The burden that *Strickland* poses on a defendant is severe.[5]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[6] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable

---

[4] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[5] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[6] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

professional judgment.'"[7]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[8] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[9]

The defendant asserts that her attorney was ineffective for failing to request that her state and federal sentences run concurrently or that she get credit for time served for the ten months she spent in state custody pursuant to the United States Marshall hold. The Government argues that her attorney was not ineffective, for the defendant's sentence could not run concurrently and because she was not entitled to credit for time served. Therefore, counsel's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.[10]

The defendant's state and federal sentences could not have run concurrently. The statute addressing the imposition of concurrent or consecutive terms, 18 U.S.C. §3584(a) provides in pertinent part "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run consecutively or concurrently." As noted

---

[7] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[8] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[9] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[10] *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999); *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994).

by the Government, when the defendant was sentenced for violating her supervised release, she had already served her state sentence. There was no "undischarged term of imprisonment." Thus, her attorney was not ineffective for failing to ask for the sentences to run concurrently.

In her Reply, the defendant refers to U.S.S.G. §5G1.3[11] and states that this provision requires the court to impose concurrent sentences with state sentences. This is not an accurate reading of §5G1.3. Also, §5G1.3 still addresses only undischarged and anticipated sentences, not fully discharged sentences. What the defendant alleges her attorney told her is of no import.

Childs again raises the issue of not having received notice of the upward departure. This claim was raised on direct appeal and was rejected by the court.

Finally, Child's alleges "failure to investigate" as a grounds for her ineffective assistance of counsel claim for the first time in her Reply brief. However, she cites no facts or law to support this claim. In evaluating attorneys' judgments as to whether to pursue evidence, courts must consider "whether the known evidence would lead a reasonable attorney to investigate further."[12] We apply a "heavy measure of deference to [an attorney's] judgments" as to whether additional evidence may be adduced by further investigation.[13] "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel."[14] There is no credible evidence of a failure to investigate and Childs has failed to show what this investigation

---

[11] Effective November 1, 2014, see Appendix C, amendments 782, 787, and 789.

[12] *Wiggins v. Smith*, 539 U.S. 510, 527 (2003).

[13] *Id.*

[14] *Stenson v. Lambert*, 2007 WL 2782551, *14 (9th Cir., 2007).

would have divulged or why it would have been likely to make any difference in her trial or sentencing.[15]

Accordingly, the §2255 motion will be denied.

Lake Charles, Louisiana, this 5 day of December, 2014.

/s/ Patricia Minaldi
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[15] *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).